IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


THEODIS HILL                                                    PETITIONER


v.                              NO. 4:17-cv-00321 KGB/PSH


WENDY KELLEY, Director of the                                  RESPONDENT
Arkansas Department of Correction


FINDINGS AND RECOMMENDATION


INSTRUCTIONS


The following proposed Findings and Recommendation have been sent to United

States District Judge Kristine G. Baker. You may file written objections to all or part of

this Recommendation. If you do so, those objections must: (1) specifically explain the

factual and/or legal basis for your objection, and (2) be received by the Clerk of this

Court within fourteen (14) days of this Recommendation. By not objecting, you may

waive the right to appeal questions of fact.

DISPOSITION

In February of 2013, petitioner Theodis Hill ("Hill") pleaded guilty in St. Francis County, Arkansas, Circuit Court to first degree murder and was sentenced to the custody of the Arkansas Department of Correction. In April of 2016, he challenged the guilty plea by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in the United States District Court for the Eastern District of Arkansas. See Hill v. Kelley, 4:16-cv-00231 KGB. Before respondent Wendy Kelley ("Kelley") could be served with a copy of the petition, Hill moved to dismiss 4:16-cv-00231. In the motion to dismiss, he represented, in part, the following:

> … please cancel my case as of now due to I have some more murder cases, three, I need to resolve first. I will refile at a later time. I was informed by my public defender to wait to all my cases are resolved first. I'm very sorry. I'm new at this legal work so could you forward me a whole new set to file later. I will file again in Oct. 2016 or beginning of 2017. …

See Hill v. Kelley, 4:16-cv-00231, Docket Entry 5 at CM/ECF 1. The undersigned entered an order in that case in which Hill was cautioned about the impact a voluntary dismissal might have on the one-year limitations period. His motion was held in abeyance, and he was given an opportunity to withdraw the motion. He was notified that if he did not withdraw the motion, the undersigned would recommend that it be granted. When he did not withdraw his motion, the undersigned recommended that the motion be granted and 4:16-cv-00231 be dismissed. In December of 2016, United States District Judge Kristine G. Baker adopted the recommendation, granted Hill's motion, and dismissed 4:16-cv-00231 without prejudice.

2

In May of 2017, Hill began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he again challenged his 2013 guilty plea in St. Francis County, Arkansas, Circuit Court to first degree murder. Kelley filed a response to the petition, and the undersigned accorded Hill an opportunity to file a reply. Hill did not file a reply but instead filed the pending motion to dismiss. See Docket Entry 12. In the motion, Hill represented the following:

> I offender Theodis Hill reply to above cause is honorable court may dismiss my motion for habeas corpus at this time due to I just received life without parole on two counts of 1st degree murder I Missouri for cause No. 1522-CR04299 on 7-10-17 so I thank the Honorable Courts at this time and if any changes do occur I would file at a later date.

See Docket Entry 12 at CM/ECF 1.

The undersigned entered an order in which Hill was cautioned about the impact a voluntary dismissal might have on the one-year limitations period. The motion was held in abeyance, and he was given until September 14, 2017, to withdraw the motion and file a reply. He was notified that if he gave no indication of how he wanted to proceed, the undersigned would recommend that his motion be granted.

September 14, 2017, has now come and gone without a response of any kind from Hill. Given his silence, the undersigned turns to his motion to dismiss. There is nothing to suggest that his motion was made involuntarily or was otherwise made under duress. Consequently, the undersigned recommends that the motion be granted. This case should be dismissed without prejudice, and a separate judgment should be entered.[1]

---

[1]    There is a procedure whereby a case may be stayed and held in abeyance. See Akins v. Kenney, 410 F.3d 451 (8th Cir. 2005). The procedure is only available, though, when a petitioner files a "mixed" petition in that some of his claims are exhausted and some of his claims are not exhausted. The case at bar does not present such an instance because it is not clear whether Hill's petition is indeed a "mixed" petition.

DATED this 27th day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE